United States District Court
Southern District of Texas
ENTERED
September 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ALBERTO GUTIERREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:25-CV-00068 |
| | § | |
| ERIC GUERRERO, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

Pending before the Court is Respondent's Motion for Summary Judgment (D.E. 22). On August 3, 2026, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 28), recommending that Respondent's motion be granted, that Petitioner's case be dismissed, and that a certificate of appealability (COA) be denied. Petitioner received the M&R on August 17, 2026. D.E. 30. He timely filed his objections (D.E. 31) on August 25, 2026. D.E. 31-2. He also filed a Motion for COA (D.E. 32) under separate cover through United States mail, which was not postmarked but was received on September 1, 2026, making it timely. D.E. 32-1.

**State Habeas Corpus Petition-Ineffective Assistance of Counsel**. Petitioner objects to the denial of his claims 3 and 8, complaining of the state habeas court's disposition of his ineffective assistance claims with respect to both trial and appellate counsel. D.E. 31, pp. 2-3. The Magistrate Judge explained that a challenge to a state habeas

court's treatment of a habeas complaint does not state a federal habeas claim cognizable in this Court. D.E. 28, p. 8.

Rather than claim any error in this conclusion, Petitioner restates his complaints about the state habeas court's actions on the merits. Those complaints are contrary to this Court's scope of review. They are further contrary to the requirement that the objection point out with particularity the Magistrate Judge's error and not simply rehash arguments previously rejected. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(c); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely reurges arguments contained in the original petition). The objections regarding claims 3 and 8 are **OVERRULED**.

**Trial Motion Practice**. Petitioner states two objections to the M&R's recommended denial of his claims 1, 2, and 4. D.E. 31, pp. 3-5. The Magistrate Judge concluded that any complaints regarding trial proceedings that took place prior to Petitioner's guilty plea were waived by the guilty plea. D.E. 28, pp. 9-13.

Petitioner argues that his guilty plea was motivated by what he had observed during trial as ineffective assistance of counsel—failing to present an effective defense to the criminal charges. The M&R explains that all that is required to pass constitutional muster is that Petitioner's plea be knowing, voluntary, and intelligent with respect to the nature of the charge and the range of punishment, all of which was established on the record. The Magistrate Judge determined that Petitioner's complaints regarding ineffective assistance of counsel with respect to motion practice and witnesses were conclusory and did not

address any issue pertaining to the voluntary, knowing, or intentional nature of his guilty plea. Petitioner's first objection merely restates his prior arguments and does not show any error in the M&R's analysis. The first objection to the denial of claims 1, 2, and 4 is **OVERRULED**.

Second, Petitioner objects that, motivated by a conflict of interest and his own failures during trial, his trial counsel misled Petitioner regarding his guilty plea, such that it was not voluntary. D.E. 31, p. 4. Petitioner has provided no authority for the argument that the constitutional test regarding the voluntariness of a guilty plea allows for consideration of whether counsel for the criminal defendant accurately assessed the strength of his defense. As the Magistrate Judge stated, the issues go to whether Petitioner knew the nature of the charge and the correct range of punishment. Nothing in Petitioner's objection shows any error in the M&R's recitation of the record reflecting that Petitioner was properly advised of those issues prior to changing his plea to guilty. The second objection to the denial of claims 1, 2, and 4 is **OVERRULED**.

**Trial Court Error in Admitting Evidence**. Petitioner's claim 5 states that the state trial court admitted evidence at the punishment phase of his trial that, because the State had not satisfied a proper predicate, was inadmissible under state rules of evidence. And the state habeas court refused relief because the error was not properly brought in the context of a post-conviction writ. *See* D.E. 1, p. 8. The M&R explains that a state court's violation of the state's rules of evidence, even if true, does not raise a proper habeas claim based on the violation of a federal law or the United States Constitution. D.E. 28, pp. 13-16. And the

Magistrate Judge did not find any arguable basis in the record for treating the claim as a violation of federal law. *Id.*; *see also* D.E. 26, p. 25 (Petitioner's summary judgment response under claim 5, complaining only of a violation of the state's rules of evidence and characterizing that as a denial of constitutional due process, without citing any authority).

Petitioner objects to that conclusion, reciting for the first time that this state law evidentiary violation was also a federal law violation and constitutes a denial of "equal rights" and a "fair trial" under the United States Constitution. D.E. 31, p. 6 (citing only *Bailey v. Procunier*, 744 F.2d 1166, 1169 (5th Cir. 1984), which was discussed in the M&R, D.E. 28, p. 15). In *Bailey*, the Fifth Circuit made it clear that a state law evidentiary error does not constitute a constitutional due process violation unless it is "so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause." 744 F.2d at 1169. Thus, Petitioner has not established that, on its face, the evidentiary violation constituted a federal violation.

Moreover, Petitioner fails to address the fact that, prior to his plea, the victim in this case had testified at trial, graphically describing the crimes Petitioner perpetrated upon her. As the Magistrate Judge concluded, under the record as a whole, the evidence of another similar victim suffering similar acts at the hands of Petitioner does not constitute such an extreme error that it violates due process. D.E. 28, pp. 13-15. In sum,

> He makes no sufficient argument that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or that the decision was based on an unreasonable

> determination of the facts in light of the evidence presented in the state court proceedings.

D.E. 28, p. 15. Petitioner did not demonstrate a due process violation or a habeas claim.

Petitioner's invocation of the constitutional right to equal protection of the laws is of no help to him. First, having failed to raise the issue before the Magistrate Judge, it is waived. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also, e.g., Place v. Thomas*, No. 2-40923, 2003 WL 342287, at *1 (5th Cir. Jan. 29, 2003) (per curiam).

Second, such a claim requires at the outset that Petitioner show (a) that two or more classifications of similarly situated persons were treated differently or (b) that he was intentionally treated differently from other similarly situated persons without rational basis for the difference in treatment. *E.g., Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012); *Rountree v. Dyson*, 892 F.3d 681, 685 (5th Cir. 2018). Because Petitioner has not addressed this issue, the claim is a nonstarter. Petitioner's objections to the recommended dismissal of claim 5 are **OVERRULED**.

**Ineffective Assistance of Trial Counsel**. In claims 6 and 7, Petitioner complains of the violation of his right to counsel because of his lawyer's alleged failures in the punishment phase of his trial with respect to not summoning defense witnesses and not properly reviewing and offering the victim's medical records. The M&R concludes that Petitioner did not demonstrate that these failures prejudiced the outcome. The record already contained substantial evidence against him and he had pled guilty to the offense. D.E. 28, pp. 16-18.

Petitioner's objection recycles complaints that his counsel should have offered evidence to negate his guilt and should have done so during the punishment phase, even though he had admitted to guilt in his plea. Any counsel failures in the guilt-or-innocence phase of the trial have already been disposed of, above. Petitioner's arguments also recycle his prior arguments regarding due process without demonstrating any particular error in the Magistrate Judge's legal or factual analysis. D.E. 31, pp. 6-8. The objections to the denial of claims 6 and 7 are **OVERRULED**.

**Appellate Ineffective Assistance of Counsel**. With respect to Petitioner's claim 9, the Magistrate Judge concluded that the legal claims, which Petitioner argues should have been presented on direct appeal, are the same issues raised here, which have been determined to have no merit. Without a meritorious issue for appeal, Petitioner cannot show any prejudice from any ineffective assistance, which is a required element for his claim. And this fails the AEDPA standard for bringing a federal habeas claim. D.E. 28, pp. 18-20. Petitioner objects, again pushing his failed arguments regarding the merits of his claims. Because he fails to show any error in the Magistrate Judge's analysis, Petitioner's objection to the recommended dismissal of claim 9 is **OVERRULED**.

**COA**. The Magistrate Judge recommended that any request for a COA be denied. D.E. 28, pp. 20-21. Petitioner filed a separate motion seeking a COA. D.E. 32. His motion presents the same issues on the merits already found insufficient, above. And he concludes with a formulaic statement that reasonable jurists would find the substantive rulings debatable or wrong and the procedural issues debatable. D.E. 32, p. 8. Having failed to

state any meritorious claim or demonstrate that any conclusion was a close call, Petitioner is not entitled to a COA. The motion (D.E. 32) is **DENIED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's motion for summary judgment (D.E. 22) is **GRANTED** and this action is **DISMISSED**. Petitioner's motion for a certificate of appealability (D.E. 32) is **DENIED**.

**ORDERED** on September 9, 2026.

Nelva Gonzales Ramos

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE